## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.); JOHN HANCOCK LIFE INSURANCE
COMPANY (U.S.A.) SEPARATE ACCOUNT 6A;
JOHN HANCOCK LIFE INSURANCE COMPANY
(U.S.A.) SEPARATE ACCOUNT 131; JOHN
HANCOCK FUNDS II; JOHN HANCOCK
VARIABLE INSURANCE TRUST; JOHN HANCOCK
SOVEREIGN BOND FUND; JOHN HANCOCK
BOND TRUST; JOHN HANCOCK STRATEGIC
SERIES; and JOHN HANCOCK INCOME
SECURITIES TRUST,

                                 Plaintiffs,

            v.

JPMORGAN CHASE & CO.; JPMORGAN CHASE
BANK N.A.; J.P. MORGAN MORTGAGE
ACQUISITION CORP.; J.P. MORGAN SECURITIES,
LLC. f/k/a J.P. MORGAN SECURITIES INC.; J.P.
MORGAN ACCEPTANCE CORPORATION I;
CHASE MORTGAGE FINANCE CORPORATION;
CHASE HOME FINANCE LLC; EMC MORTGAGE
LLC f/k/a EMC MORTGAGE CORPORATION;
BEAR STEARNS AND CO. INC.; BEAR STEARNS
ASSET BACKED SECURITIES I LLC;
STRUCTURED ASSET MORTGAGE
INVESTMENTS II INC.; WAMU ASSET
ACCEPTANCE CORP.; WASHINGTON MUTUAL
MORTGAGE SECURITIES CORP.; WAMU
CAPITAL CORP.; LONG BEACH SECURITIES
CORP.; BANC OF AMERICA SECURITIES LLC;
CSE MORTGAGE, LLC; DEUTSCHE BANK
SECURITIES INC.; JOHN BARREN; DAVID BECK;
SARA BONESTEEL; DOMENIC A. BORRIELLO;
RICHARD CAREAGA; JEROME A. CIPPONERI;
CHRISTINE E. COLE; CRAIG S. DAVIS; ART DEN-
HEYER; MARANGAL I. DOMINGO; DAVID M.
DUZYK; KATHERINE GARNIEWSKI; TROY A.
GOTSCHALL; PATRICIA A. JEHLE; JULIANA C.
JOHNSON; ROLLAND JURGENS; JOSEPH T.
JURKOWSKI JR.; MICHAEL D. KATZ; WILLIAM A.
KING; MARC R. KITTNER; MICHAEL J. KULA;

Case No. 12 Civ. 3184 (RJS)

Removed from:

Supreme Court of the State of
New York, County of New York,
No. 650195/2012

THOMAS G. LEHMANN; STEPHEN LOBO;
RICHARD D. LODGE; KIM LUTTHANS; MARC K.
MALONE; THOMAS F. MARANO; JEFFREY
MAYER; EDWIN F. MCMICHAEL; SAMUEL L.
MOLINARO JR.; MICHAEL B. NIERENBERG;
DIANE NOVAK; MICHAEL L. PARKER;
MATTHEW E. PERKINS; LOUIS SCHIOPPO, JR.;
JEFFREY A. SORENSEN; JEFFREY L.
VERSCHLEISER; THOMAS L. WIND; DAVID H.
ZIELKE; GREENWICH CAPITAL MARKETS, INC.
A.K.A. RBS GREENWICH CAPITAL; MERRILL
LYNCH & CO., UBS SECURITIES LLC F.K.A. UBS
WARBURG LLC.; BRIAN BERNARD; MEGAN M.
DAVIDSON; ERIC FERREN; STEPHEN
FORTUNATO; and DONALD WILHELM,

Defendants.

## NOTICE OF REMOVAL

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

PLEASE TAKE NOTICE THAT, for the reasons stated below, defendants JP

Morgan Chase & Co., JPMorgan Chase Bank, N.A. ("JPMC Bank"), J.P. Morgan Mortgage

Acquisition Corporation, J.P. Morgan Securities LLC f/k/a J.P. Morgan Securities Inc., J.P.

Morgan Acceptance Corporation I, Chase Mortgage Finance Corporation, Chase Home Finance

LLC, EMC Mortgage LLC f/k/a EMC Mortgage Corporation, Bear Stearns & Co., Inc., Bear

Stearns Asset Backed Securities I LLC, Structured Asset Mortgage Investments II Inc., WaMu

Asset Acceptance Corporation, Washington Mutual Mortgage Securities Corporation, WaMu

Capital Corporation, and Long Beach Securities Corporation (collectively, the "JPMorgan

Defendants"), John Barren, David Beck, Domenic A. Borriello, Richard Careaga, Jerome A.

Cipponeri, Christine E. Cole, Craig S. Davis, Art Den Heyer, Marangal I. Domingo, David M.

Duzyk, Katherine Garniewski, Troy A. Gotschall, Patricia A. Jehle, Juliana C. Johnson, Rolland

Jurgens, Joseph T. Jurkowski Jr., Michael D. Katz, William A. King, Michael J. Kula, Thomas G. Lehmann, Stephen Lobo, Richard D. Lodge, Kim Lutthans, Marc K. Malone, Edwin F. McMichael, Diane Novak, Michael L. Parker, Matthew E. Perkins, Louis Schioppo, Jr., Jeffrey A. Sorensen, Thomas L. Wind, David H. Zielke, Brian Bernard, Megan M. Davidson, Eric Ferren, Stephen Fortunato, and Donald Wilhelm (collectively, the "Removing Defendants") hereby remove the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Banc of America Securities LLC, CSE Mortgage, LLC, Deutsche Bank Securities Inc., Greenwich Capital Markets, Inc., a/k/a RBS Greenwich Capital, Merrill Lynch & Co., UBS Securities LLC f/k/a UBS Warburg LLC, Sara Bonesteel, Marc R. Kittner, Thomas F. Marano, Jeffrey Mayer, Samuel L. Molinaro, Jr., Michael B. Nierenberg, and Jeffrey L. Verschleiser consent to removal, as reflected in Exhibit A, attached hereto.

This action is removable for at least three reasons: *First*, pursuant to the Edge Act, 12 U.S.C. § 632, this action "aris[es] out of transactions involving . . . banking in a dependency or insular possession of the United States." *Second*, pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), this action is "related to" bankruptcy proceedings arising under Title 11 of the United States Code. *Third*, as plaintiffs' claims against JPMC Bank arise under federal law, this action is removable pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1367(a).

## I.  PROCEDURAL HISTORY AND BACKGROUND

1.      On January 20, 2012, plaintiffs John Hancock Life Insurance Company (U.S.A.), John Hancock Life Insurance Company (U.S.A.) Separate Account 6A, and John Hancock Life Insurance Company (U.S.A.) Separate Account 131 commenced this action by filing a summons and complaint captioned *John Hancock Life Insurance Company, et al.* v. *JPMorgan Chase & Co., et al.*, Index No. 650195/2012, in the Supreme Court for the State of New York, County of

New York (the "State Court Action").

2.      On March 2, 2012, before any defendant was served with the initial complaint, plaintiffs John Hancock Life Insurance Company (U.S.A.), John Hancock Life Insurance Company (U.S.A.) Separate Account 6A, John Hancock Life Insurance Company (U.S.A.) Separate Account 131, John Hancock Funds II, John Hancock Variable Insurance Trust, John Hancock Sovereign Bond Fund, John Hancock Bond Trust, John Hancock Strategic Series, and John Hancock Income Securities Trust (collectively, "Plaintiffs") filed an amended summons and complaint (the "Amended Complaint") in the State Court Action.

3.      The Amended Complaint alleges that the defendants made false and misleading statements concerning the riskiness and creditworthiness of 82 residential mortgage-backed securities ("RMBS") purchased by Plaintiffs between 2002 and 2007.

4.      The defendants are alleged to have been issuers, sellers, sponsors, originators, underwriters, and/or depositors for the RMBS, or are alleged to be otherwise liable for the conduct of the defendant entities that served in these roles.  (Am. Compl. ¶¶ 26-104.)

5.      Plaintiffs purport to bring claims against the defendants for common law fraud and negligent misrepresentation, as well as claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, based on the alleged misrepresentations in connection with Plaintiffs' purchases of RMBS.  (Am. Compl. ¶¶ 793-881.)

6.      Pursuant to stipulation, the Removing Defendants agreed to accept service of the Amended Complaint on March 23, 2012.  In accordance with 28 U.S.C. § 1446(a), the Amended Complaint is attached hereto as Exhibit B, and the executed Stipulation for Acceptance of Service and Scheduling is attached hereto as Exhibit C.

7.      This Notice of Removal is filed within 30 days of the Removing Defendants'

effective date of service of the Amended Complaint, and is therefore timely under 28 U.S.C. § 1446(b).

8.    The defendants' time to respond to the Amended Complaint has not expired, and they have not pled, answered, or otherwise appeared in the State Court Action.

9.    The Supreme Court of the State of New York, County of New York is located within the geographical boundaries of the United States District Court for the Southern District of New York.  *See* 28 U.S.C. § 112(b).

10.    In accordance with 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York.  The Removing Defendants have served all parties with a copy of this Notice of Removal.

11.    All defendants have been duly served, consent to and join in this removal, subject to and without waiving any defenses and rights available to them.

12.    No motion or other proceedings in this action are pending in the State Court Action.[1]

13.    This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

## II.    BASIS FOR JURISDICTION PURSUANT TO THE EDGE ACT

14.    Removal to this Court is proper pursuant to 12 U.S.C. § 632, which provides for original jurisdiction in "all suits of a civil nature . . . to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out

---

[1] There is a clerical stipulation pending before the state court to correct the caption in the case, which was missing two defendants.  Defendants have corrected the caption in their notice of removal and accompanying papers.

of other international or foreign financial operations, either directly or through the agency,

ownership, or control of branches or local institutions in dependencies or insular possessions of

the United States or in foreign countries."  12 U.S.C. § 632.  There are three requirements to

establish federal jurisdiction under the Edge Act:  "(1) the case is civil in nature, (2) one of the

parties is a corporation organized under the laws of the United States, and (3) the suit arises out

of transactions involving, *inter alia*, international banking or international financial operations."

*Jana Master Fund, Ltd.* v. *JP Morgan Chase & Co.*, 490 F. Supp. 2d 325, 328 (S.D.N.Y. 2007).

These requirements are satisfied here.

15.     *First*, Plaintiffs have asserted civil "claims under common law," including causes

of action for common law fraud, fraudulent inducement, aiding and abetting fraud and negligent

misrepresentation.  (Am. Compl. ¶¶ 793-842.)

16.     *Second*, Defendant JP Morgan Chase Bank, N.A. is a "national banking

association" organized under the laws of the United States.  (Am. Compl. ¶ 27.)  *See Bank of

America Corp.* v. *Lemgruber*, 385 F. Supp. 2d 200, 213-14 (S.D.N.Y. 2005).

17.     *Third*, eighteen loans in the underlying collateral pool of an RMBS transaction at

issue in this action, J.P. Morgan Alternative Loan Trust 2006-A7 ("JPALT 2006-A7"), were

originated in the U.S. Virgin Islands.  (Prospectus Supplement for JPALT 2006-A7 at A-2, an

excerpt of which is attached hereto as Exhibit D.[2])  The presence of territorial mortgages based

in a "dependency or insular possession of the United States" means that this case arises out of

"transactions involving . . . banking in a dependency or insular possession of the United States."

*See Burgos* v. *Citibank, N.A.*, 432 F.3d 46, 47 n.1, 49 (1st Cir. 2005) ("Section 632 applies to

---

[2]       A full copy of the Prospectus Supplement for JPALT 2006-A7 as filed with the Securities
and Exchange Commission may be found at http://sec.gov/Archives/edgar/data/1085309/
000112528206007529/b415938_424b5.txt.

banking transactions in Puerto Rico," including "mortgage loan agreements.").

18.     There is no minimum number of foreign loans necessary to make a case removable under the Edge Act.  In *American International Group., Inc.* v. *Bank of America Corp.*, No. 11 Civ. 6262, 2011 WL 5022716 at *1 (S.D.N.Y. Oct. 20, 2011), the Court found that the Edge Act conferred federal jurisdiction over claims similar to those here because four of the 349 RMBS transactions at issue included a total of 23 foreign loans within the underlying collateral pools.  2011 WL 5022716, at *2-3.  The Court explained that there is no "recognized *de minimis* exception to Edge Act jurisdiction.  Rather, it appears that Edge Act jurisdiction lies even if the foreign or territorial transactions comprise only a 'small portion' of the challenged transactions."  *Id.*  at *2 (quoting *Pinto* v. *Bank One Corp.*, No. 02 Civ. 8477, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003)).  Likewise, in this action, the presence of 18 foreign loans is sufficient to establish federal subject-matter jurisdiction under the Edge Act.  Courts in the Second Circuit "have consistently interpreted the Edge Act's jurisdictional provision broadly . . . ."  *Lemgruber*, 385 F. Supp. 2d at 214.  "A suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out of transactions involving international or foreign banking."  *Id.* (emphasis in original) (citation omitted).  Federal courts therefore "routinely" extend federal jurisdiction on the basis of Section 632 "in cases based on state law causes of action and containing only an incidental connection to banking law," and "even though the international or foreign banking activity was not central to the case."  *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 340 (S.D.N.Y. 1996) (collecting cases); *accord Am. Int'l Group, Inc.*, 2011 WL 5022716, at *2 (quoting *Lemgruber*, 385 F. Supp. 2d at 214-215).

## III.   BASIS FOR "RELATED TO" BANKRUPTCY JURISDICTION

19.     This Court has original jurisdiction over this action as one "related to" bankruptcy

proceedings pursuant to 28 U.S.C. § 1334(b).  Accordingly, this action may be removed to this

Court pursuant to 28 U.S.C. § 1452(a).

20.     The allegations against the defendants arise in part from RMBS backed by

mortgage loans originated or acquired by entities that have filed petitions for relief under the

United States Bankruptcy Code, or whose parent corporations have filed petitions for relief under

the United States Bankruptcy Code (the "Bankrupt Originators").  The Bankrupt Originators

include but are not limited to: Aames Capital Corporation, Aegis Mortgage Corporation,

Alliance Bancorp, Inc., AME Financial Corporation, American Home Mortgage Corporation,

Bear Stearns Residential Mortgage Corporation, Cal Coast Mortgage Corporation, Cameron

Financial Group, Inc., Fieldstone Mortgage Company, First Magnus Financial Corporation, First

NLC Financial Services, LLC, Franklin Bank, SSB, Fremont Investment & Loan, HomeBanc

Mortgage Corporation, Home Capital Funding, Inc., Lancaster Mortgage Bankers, LLC,

Maverick Residential Mortgage, Inc., Mountain View Mortgage Company, NetBank, Inc., New

Century Mortgage Corporation, Oak Street Mortgage, LLC, People's Choice Home Loan, Inc.,

and Taylor Bean & Whitaker Mortgage Corporation.

21.     On May 1, 2009, Accredited Home Lenders Holding Company (parent holding

company of Aames Investment Corporation, which itself owns Aames Capital Corporation and

Bear Stearns Residential Mortgage Corporation) filed a voluntary petition under Chapter 11 of

Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the

District of Delaware, *In re Accredited Home Lenders Holding Co.*, Case No. 09-11516.

22.     On August 13, 2007, Aegis Mortgage Corporation filed a voluntary petition under

Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy

Court for the District of Delaware, *In re Aegis Mortgage Corporation*, Case No. 07-11119.

23.     On July 13, 2007, Alliance Bancorp, Inc. filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware, *In re Alliance Bancorp, Inc.*, Case No. 07-10943.

24.     On January 18, 2010, AME Financial Corporation filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Northern District of Georgia, *In re AME Financial Corporation*, Case No. 10-20191.

25.     On August 6, 2007, American Home Mortgage Holdings, Inc., jointly with American Home Mortgage Corporation, filed voluntary petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware, *In re American Home Mortgage Holdings, Inc.* and *In re American Home Mortgage Corporation*, Case Nos. 07-11047 and 07-11051.

26.     On October 5, 2006, Cal Coast Mortgage Corporation filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of California, *In re Cal Coast Mortgage Corporation*, Case No. 06-02981.

27.     On February 19, 2008, Cameron Financial Group, Inc. filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Central District of California, *In re Cameron Financial Group, Inc.*, Case No. 08-10322.

28.     On November 23, 2007, Fieldstone Mortgage Company filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Maryland, *In re Fieldstone Mortgage Company*, Case No.

07-21814.

29.     On August 21, 2007, First Magnus Financial Corporation filed a voluntary

petition under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United

States Bankruptcy Court for the District of Arizona, *In re First Magnus Financial Corporation*,

Case No. 07-01578.

30.     On January 18, 2008, First NLC Financial Services, LLC filed a voluntary

petition under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United

States Bankruptcy Court for the Southern District of Florida, *In re First NLC Financial Services,*

*LLC*, Case No. 08-10632.  The case was converted to a Chapter 7 bankruptcy on May 9, 2008.

31.     On November 12, 2008, Franklin Bank Corporation, parent corporation of

Franklin Bank, SSB, filed a voluntary petition under Chapter 7 of Title 11 of the United States

Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware, *In re*

*Franklin Bank Corporation*, Case No. 08-12924.

32.     On June 18, 2008, Fremont General Corporation (parent corporation of Fremont

Investment & Loan) filed a voluntary petition under Chapter 7 of Title 11 of the United States

Bankruptcy Code with the United States Bankruptcy Court for the Central District of California,

*In re Fremont General Corporation*, Case No. 08-13421.

33.     On November 9, 2010, Home Capital Funding, Inc. filed a voluntary petition

under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States

Bankruptcy Court for the Southern District of California, *In re Home Capital Funding, Inc.*, Case

No. 10-19896.

34.     On August 9, 2007, HomeBanc Mortgage Corporation filed a voluntary petition

under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States

Bankruptcy Court for the Central District of California, *In re HomeBanc Mortgage Corporation*, Case No. 07-11079.  The case was converted to a Chapter 7 bankruptcy on February 24, 2009.

35.     On August 31, 2007, Lancaster Mortgage Bankers, LLC filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of New Jersey, *In re Lancaster Mortgage Bankers, LLC*, Case No. 07-22479.

36.     On February 13, 2008, Maverick Residential Mortgage, Inc. filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Texas, *In re Maverick Residential Mortgage, Inc.*, Case No. 08-40352.

37.     On June 18, 2010, Mountain View Mortgage Company filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Nevada, *In re Mountain View Mortgage Company*, Case No. 10-21356.

38.     On September 28, 2007, NetBank, Inc. filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida, *In re NetBank, Inc.*, Case No. 07-04295.

39.     On April 2, 2007, New Century Mortgage Corporation (jointly administered with New Century TRS Holdings, Inc.) filed voluntary petitions under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware, *In re New Century Mortgage Corporation* and *In re New Century TRS Holdings, Inc.*, Case Nos. 07-10419 and 07-10416.

40.     On June 8, 2007, Oak Street Mortgage, LLC filed a voluntary petition under

Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Indiana, *In re Oak Street Mortgage, LLC*, Case No. 07-05279. The case was converted to a Chapter 7 bankruptcy on March 31, 2009.

41.    On March 20, 2007, People's Choice Home Loan, Inc. filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Central District of California, *In re People's Choice Home Loan, Inc.*, Case No. 07-10765.  On February 17, 2012, the case was transferred within the United States Bankruptcy Court for the Central District of California, *In re People's Choice Home Loan, Inc.*, Case No. 12-15811.

42.    On August 24, 2009, Taylor Bean & Whitaker Mortgage Corporation filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the Middle District of Florida, *In re Taylor Bean & Whitaker Mortgage Corporation*, Case No. 09-07047.

43.    The following chart lists RMBS transactions at issue in this action that are backed by loans originated by one or more of the Bankrupt Originators.

| Securitization | Bankrupt Originator(s) |
|---|---|
| BALTA 2004-11 | Alliance Bancorp, Inc.<br>HomeBanc Mortgage Corporation<br>Oak Street Mortgage, LLC |
| BALTA 2005-10 | Aegis Mortgage Corporation<br>American Home Mortgage Corporation<br>Bear Stearns Residential Mortgage Corporation<br>Lancaster Mortgage Bankers, LLC |
| BALTA 2005-7 | Alliance Bancorp, Inc.<br>Bear Stearns Residential Mortgage Corporation<br>HomeBanc Mortgage Corporation<br>Oak Street Mortgage, LLC<br>Taylor Bean & Whitaker Mortgage Corporation |

| Securitization | Bankrupt Originator(s) |
|---|---|
| BALTA 2005-9 | Alliance Bancorp<br>Bear Stearns Residential Mortgage Corporation<br>HomeBanc Mortgage Corporation<br>Lancaster Mortgage Bankers, LLC<br>Oak Street Mortgage, LLC |
| BALTA 2006-1 | Aegis Mortgage Corporation<br>Bear Stearns Residential Mortgage Corporation<br>HomeBanc Mortgage Corporation<br>Lancaster Mortgage Bankers, LLC<br>Taylor Bean & Whitaker Mortgage Corporation |
| BALTA 2006-6 | Aegis Mortgage Corporation<br>American Home Mortgage Corporation<br>Bear Stearns Residential Mortgage Corporation<br>Lancaster Mortgage Bankers, LLC<br>Mountain View Mortgage Company |
| BALTA 2006-8 | Alliance Bancorp, Inc.<br>AME Financial Corporation<br>American Home Mortgage Corporation<br>First Magnus Financial Corporation<br>First NLC Financial Services<br>Franklin Bank, SSB<br>HomeBanc Mortgage Corporation<br>Maverick Residential Mortgage, Inc.<br>Mountain View Mortgage Company<br>New Century Mortgage Corporation<br>Taylor Bean & Whitaker Mortgage Corporation |
| BSABS 2003-HE1 | People's Choice Home Loan, Inc. |
| BSABS 2004-AC3 | Aegis Mortgage Corporation<br>American Home Mortgage Corporation<br>First Magnus Financial Corporation<br>HomeBanc Mortgage Corporation<br>Lancaster Mortgage Bankers, LLC |
| BSABS 2004-AC5 | American Home Mortgage Corporation<br>HomeBanc Mortgage Corporation |
| BSABS 2005-AC3 | Alliance Bancorp, Inc.<br>Bear Stearns Residential Mortgage Corporation<br>First Magnus Financial Corporation<br>HomeBanc Mortgage Corporation<br>Lancaster Mortgage Bankers, LLC<br>Oak Street Mortgage, LLC |

| Securitization | Bankrupt Originator(s) |
|---|---|
| BSABS 2006-HE10 | American Home Mortgage Corporation<br>Bear Stearns Residential Mortgage Corporation<br>Cameron Financial Group, Inc.<br>Franklin Bank, SSB<br>Home Capital Funding, Inc.<br>Mountain View Mortgage Company<br>Oak Street Mortgage, LLC |
| BSABS 2006-HE6 | Bear Stearns Residential Mortgage Corporation<br>Franklin Bank, SSB<br>Mountain View Mortgage Company<br>Oak Street Mortgage, LLC<br>Taylor Bean & Whitaker Mortgage Corporation |
| BSABS 2007-HE1 | Alliance Bancorp, Inc.<br>American Home Mortgage Corporation<br>Bear Stearns Residential Mortgage Corporation<br>First NLC Financial Services<br>Home Capital Funding, Inc. |
| BSABS 2007-HE6 | Aegis Mortgage Corporation<br>Bear Stearns Residential Mortgage Corporation<br>Taylor Bean & Whitaker Mortgage Corporation |
| BSABS 2007-HE7 | Bear Stearns Residential Mortgage Corporation |
| BSABS 2007-SD1 | Aegis Mortgage Corporation<br>AME Financial Corporation<br>First Magnus Financial Corporation<br>HomeBanc Mortgage Corporation<br>NetBank, Inc.<br>Taylor Bean & Whitaker Mortgage Corporation |
| BSARM 2004-8 | HomeBanc Mortgage Corporation |
| BSARM 2005-12 | HomeBanc Mortgage Corporation |
| BSARM 2006-4 | HomeBanc Mortgage Corporation |
| BSMF 2006-AR4 | Bear Stearns Residential Mortgage Corporation |
| BSMF 2006-AR5 | Bear Stearns Residential Mortgage Corporation |
| JPMAC 2006-FRE2 | Fremont Investment & Loan |
| JPALT 2006-A6 | American Home Mortgage Corporation |
| JPMAC 2007-HE1 | American Home Mortgage Corporation<br>Fremont Investment & Loan<br>NetBank, Inc. |
| WMALT 2006-9 | First Magnus Financial Corporation |
| WMALT 2006-5 | American Home Mortgage Corporation<br>First Magnus Financial Corporation |

| Securitization | Bankrupt Originator(s) |
|---|---|
| WMALT 2006-AR5 | Alliance Bancorp, Inc.<br>First Magnus Financial Corporation |
| WMALT 2006-AR8 | Alliance Bancorp, Inc. |
| SACO 2005-10 | Alliance Bancorp, Inc.<br>American Home Mortgage Corporation<br>Bear Stearns Residential Mortgage Corporation<br>Cal Coast Mortgage Corporation<br>Fieldstone Mortgage Company<br>First Magnus Financial Corporation<br>First NLC Financial Services<br>Maverick Residential Mortgage, Inc.<br>Mountain View Mortgage Company<br>New Century Mortgage Corporation<br>Oak Street Mortgage, LLC<br>People's Choice Home Loan, Inc. |
| SACO 2006-5 | Aames Capital Corporation<br>Aegis Mortgage Corporation<br>Alliance Bancorp, Inc.<br>AME Financial Corporation<br>American Home Mortgage Corporation<br>Bear Stearns Residential Mortgage Corporation<br>Cal Coast Mortgage Corporation<br>Fieldstone Mortgage Company<br>First Magnus Financial Corporation<br>First NLC Financial Services<br>HomeBanc Mortgage Corporation<br>Lancaster Mortgage Bankers, LLC<br>Maverick Residential Mortgage, Inc.<br>Mountain View Mortgage Company<br>New Century Mortgage Corporation |

| Securitization | Bankrupt Originator(s) |
|---|---|
| SACO 2006-6 | Aames Capital Corporation<br>Aegis Mortgage Corporation<br>Alliance Bancorp, Inc.<br>AME Financial Corporation<br>American Home Mortgage Corporation<br>Bear Stearns Residential Mortgage Corp.<br>Cal Coast Mortgage Corporation<br>Cameron Financial Group, Inc.<br>Fieldstone Mortgage Company<br>First Magnus Financial Corporation<br>First NLC Financial Services<br>Franklin Bank, SSB<br>HomeBanc Mortgage Corporation<br>Lancaster Mortgage Bankers, LLC<br>Maverick Residential Mortgage, Inc.<br>Mountain View Mortgage Company<br>New Century Mortgage Corporation |

44.     Pursuant to agreements containing certain indemnification provisions for the benefit of various Defendants as well as statutory and common law, the Bankrupt Originators owe certain Defendants indemnification and/or contribution obligations for claims relating to the actual or alleged material misstatements or omissions by the Bankrupt Originators regarding the mortgage loans underlying the RMBS, including the claims in this action.

45.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) because this lawsuit is "related to" bankruptcy cases described in ¶¶ 21-42 above. *See, e.g., Parmalat Capital Fin. Ltd.* v. *Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir. 2011) ("For the purposes of removal jurisdiction, a civil proceeding is 'related to' a title 11 case if the action's outcome might have any 'conceivable effect' on the bankrupt estate.") (internal quotations and citations omitted); *see also Abbatiello* v. *Monsanto Co.,* No. 06 Civ. 266 (KMW), 2007 U.S. Dist. LEXIS 19790, at *12-14 (S.D.N.Y. Mar. 5, 2007); *City of Ann Arbor Employees' Ret. Sys.* v. *Citigroup Mortg. Loan Trust Inc.*, 572 F. Supp. 2d 314, 318-19

(E.D.N.Y. 2008); *Mass. Bricklayers & Masons Trust Funds* v. *Deutsche Alt-A Sec., Inc.*, 399 B.R. 119, 121-23 (E.D.N.Y. 2009).  This lawsuit related to the Bankrupt Originators' bankruptcy proceedings described in ¶¶ 21-42 above because the Bankrupt Originators owe certain defendants indemnity obligations which, as a result of any costs and expenses incurred by these defendants to litigate this action and any judgment against these certain defendants, could affect the property of the Bankrupt Originators.  An indemnity obligation of this type directly affects the property of the Bankrupt Originators, and thus gives rise to "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b).  *See*, *e.g.*, *City of Ann Arbor Employees' Ret. Sys.*, 572 F. Supp. 2d at 319; *see also In re River Ctr. Holdings, LLC*, 288 B.R. 59, 65-66 (Bankr. S.D.N.Y. 2003); *Stichting Pensienfonds ABP* v. *Countrywide Fin. Corp.*, 447 B.R. 302, 309-10 (C.D. Cal. 2010).

46.     This is not a core proceeding under 28 U.S.C. § 157(b) or Federal Rule of Bankruptcy Procedure 9027(a)(1).  Defendants do not consent to entry of final orders or judgment by any bankruptcy judge.

## IV.   PLAINTIFFS' CLAIMS AGAINST JPMC BANK ARISE UNDER FEDERAL LAW

47.     This action is removable pursuant to 28 U.S.C. §§ 1331 and 1441(a) because certain claims against JPMC Bank arise under federal law.  Section 1441(a) allows a defendant to remove "[a]ny civil action btrought in a State court of which the district courts have original jurisdiction."  A "cause of action necessarily arises under federal law" and removal is appropriate if a federal law has "pre-emptive force."  *Beneficial Nat'l Bank* v. *Anderson*, 539 U.S. 1, 9, 11 (2003).  "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."  *Id*. at 8.  A federal law completely preempts state

law if it "provide[s] the exclusive cause of action" for the plaintiff's claims.  *Id*. at 9.  "If so, then the cause of action necessarily arises under federal law and the case is removable."  *Id*.

48.     Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), all claims "relating to any act or omission" of a bank placed in receivership must be filed with the Federal Deposit Insurance Corporation ("FDIC") in accordance with Title 12 of the U.S. Code.  *See* 12 U.S.C. §§ 1821(d)(3)-(11), 1821(d)(13).  FIRREA further provides that if a claimant fails to meet the requirements of Title 12 for a claim "relating to any act or omission of [a failed bank] or the [FDIC] as receiver," then "no court shall have jurisdiction over" the claim.  *Id*. § 1821(d)(13)(D).  Even when a claimant complies with Title 12, if it disagrees with the FDIC's decision, it may seek review of its claim *only* in federal court.  *Id*. § 1821(d)(6)(A).  Thus, FIRREA's federal claims procedure "provide[s] the exclusive cause of action," *Beneficial Nat'l Bank*, 539 U.S. at 9, for "any claim relating to any act or omission of [a failed bank] or the [FDIC] as receiver," 12 U.S.C. § 1821(d)(13)(D)(ii).

49.     Here, certain of Plaintiffs' claims against JPMC Bank relate to the alleged acts and omissions of Washington Mutual Bank ("WMB") which is currently in FDIC receivership. Specifically, Plaintiffs allege that WMB, in its role as sponsor and seller and as the originator of certain loans, made misrepresentations concerning the quality of the loans backing the Certificates and the applicable underwriting standards used to originate the loans.  (*See* Am. Compl. ¶¶ 65, 139, 145.)  Plaintiffs further allege that WMB "encouraged and/or allowed its subsidiaries to misrepresent the mortgage loans' characteristics in the Registration Statements and establish special-purpose financial entities such as Defendants [WaMu Asset Acceptance Corporation and Long Beach Securities Corporation], and the WaMu Trusts to serve as conduits for the mortgage loans."  (Am. Compl. ¶ 596; *see also* ¶¶ 595-608.)

50.     Despite premising claims on alleged acts and omissions by WMB, Plaintiffs have not named WMB, or the FDIC as receiver of WMB, as a defendant in this action.  Nor do Plaintiffs allege that they have made any claim against the WMB Receivership pursuant to FIRREA.  Instead, Plaintiffs are seeking to impose liability for the alleged misconduct of WMB on JPMC Bank as the purported "successor-in-interest to" WMB.  (Am. Compl. ¶¶ 778-779.) Because these claims against JPMorgan Chase Bank, N.A. relate to the alleged "act[s] and omission[s]" of WMB, they necessarily arise under federal law within the meaning of 28 U.S.C. § 1331.

51.     Plaintiffs must proceed with such claims, if they could proceed at all, only pursuant to the exclusive processes established by Congress in FIRREA, or such claims are extinguished.  Thus, FIRREA has "pre-emptive force," *Beneficial Nat'l Bank*, 539 U.S. at 11, and is applicable to claims relating to bank failures and FDIC receivership of failed banks, leaving no room for any claim under state law.  *See Carlyle Towers Condo. Ass'n., Inc.* v. *FDIC*, 170 F.3d 301, 307 (2d Cir. 1999) ( "FIRREA makes exhaustion a jurisdictional requirement"); *Aber-Shukofsky* v. *JP Morgan Chase & Co.*, 755 F. Supp. 2d 441, 446-447 (E.D.N.Y. 2010) (dismissing claims against JPMC Bank as WMB's successor-in-interest, for failure to comply with FIRREA's claims process).  Absent adherence to FIRREA, there is no cause of action available to Plaintiffs relating to the acts or omissions of WMB.  Accordingly, to the extent that Plaintiffs assert claims against JPMC Bank based on the acts or omissions of WMB, Plaintiffs' claims  implicate and arise under federal law and thus may be removed to federal court.  28 U.S.C. §§ 1331, 1441(a).

52.     In the event that this Court finds that this case arises under federal law but does not find that this action is "related to" bankruptcy proceedings or is subject to Edge Act

jurisdiction, this Court should nonetheless exercise supplemental jurisdiction pursuant to 28

U.S.C. § 1367(a) over the remaining claims in this action.  Such claims are part of the same case

or controversy because they are based on substantially similar alleged misconduct by affiliates of

JPMC Bank and/or WMB.

## V.     PLAINTIFFS' CLAIMS ARE REMOVABLE NOTWITHSTANDING SECTION 22 OF THE SECURITIES ACT OF 1933

53.     Plaintiffs' claims under the Securities Act of 1933 do not render this action non-

removable.  Claims that are considered non-removable under the Securities Act of 1933 may

nonetheless be removed pursuant to the Edge Act, "related to" bankruptcy jurisdiction, or

FIRREA.  *See Cal. Pub. Employees' Ret. Sys.* v. *Worldcom, Inc.*, 368 F.3d 86, 108 (2d Cir.

2004); *FDIC* v. *Countrywide Fin. Corp.*, No. 11-cv-10400-MRP-MAN, slip op. at 3 (C.D. Cal.

Mar. 20, 2012) (attached hereto as Exhibit E).[3]

---

[3]     In addition to the grounds raised herein, the Removing Defendants note for the Court's convenience that soon after filing this Notice of Removal, JPMorgan Chase Bank, N.A. intends to file a third-party complaint against the FDIC for indemnification related to this action.  The presence of the FDIC as a third-party defendant will provide this Court with an independent basis to exercise federal subject matter jurisdiction of the entire action.  *See* 12 U.S.C. § 1819(b)(2)(A); *Allstate Bank* v. *JP Morgan Chase Bank, NA*, No. 11 Civ. 1869, 2012 WL 1059016, at *2 (S.D.N.Y. Mar. 27, 2012) (holding that "joinder of the FDIC to a removed action grants federal subject matter jurisdiction even if no such jurisdiction existed before the FDIC was joined as a party").

## VI.   CONCLUSION

54.   This Court has original jurisdiction over this action pursuant to 12 U.S.C. § 632 and 28 U.S.C. §§ 1334(b), 1331, and 1367(a), and this action may be removed to this Court pursuant to 12 U.S.C. § 632 and 28 U.S.C. §§ 1452(a) and 1441(a).

Dated: April 23, 2012
        New York, New York

Respectfully submitted,

*Penny Shane*

Penny Shane
David A. Castleman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Tel: (212) 558-4000
Fax: (212) 558-3588
shanep@sullcrom.com
castlemand@sullcrom.com

*Counsel for Removing Defendants*